UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CORNEL LAMONT PRINCE, | 1: 06 CV 0105 WMW HC |
| Petitioner, | ORDER RE PETITION FOR WRIT OF HABEAS CORPUS |
| v. | |
| A. P. KANE, | |
| Respondent. | |

Petitioner is a prisoner proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. Section 2254. Pursuant to Title 28 U.S.C. § 636(c)(1), the parties have consented to the jurisdiction of the United States Magistrate Judge.

**BACKGROUND**

On December 1, 1998, a jury found Petitioner guilty of unlawful sexual intercourse with a minor more than three years younger. In a bifurcated trial the court found true enhancements that Petitioner had suffered four prior serious felony convictions and three prior prison terms. On January 6, 1999, Petitioner was sentenced to an indeterminate state prison term of twenty-six years to

1  life.

2    Petitioner filed a direct appeal and on April 18, 2000, the California Court of Appeal
3  affirmed the conviction and sentence in a reasoned decision.  Petitioner petitioned the California
4  Supreme Court for review.  The court denied review on June 28, 2000.

5    On March 2, 2004, Petitioner filed a petition for writ of error coram nobis in Kern County
6  Superior Court, raising the same issue raised in the present petition.  The Kern County Superior
7  Court denied the petition on March 8, 2004.  Petitioner appealed to the California Court of Appeal,
8  which denied the petition on August 1, 2005.  The California Supreme Court denied review on
9  October 19, 2005.

10   On May 17, 2001, Petitioner filed a prior federal petition for habeas corpus relief in this
11 District in Prince v. Adams, case number CV F-01-5597 HGB HC.  The court issued an order on
12 January 30, 2002, denying the petition on the merits.  The court entered judgment on March 7, 2002.

13   Petitioner filed the present petition for writ of habeas corpus on February 1, 2006.

14 **LEGAL STANDARD**

15 JURISDICTION

16   Relief by way of a petition for writ of habeas corpus extends to a person in custody pursuant
17 to the judgment of a state court if the custody is in violation of the Constitution or laws or treaties of
18 the United States.  28 U.S.C. § 2254(a); 28 U.S.C. § 2241(c)(3); Williams v. Taylor, 120 S.Ct.
19 1495, 1504 fn.7 (2000).  Petitioner asserts that he suffered violations of his rights as guaranteed by
20 the United States Constitution.  In addition, the conviction challenged arises out of the Kern   County
21 Superior Court, which is located within the jurisdiction of this court.  28 U.S.C. § 2254(a); 2241(d).
22 Accordingly, the court has jurisdiction over the action.

23   On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of
24 1996 ("AEDPA"), which applies to all petitions for writ of habeas corpus filed after its enactment.
25 Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059, 2063 (1997), *cert. denied,* 522 U.S. 1008, 118 S.Ct.
26 586 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997) (quoting Drinkard v. Johnson, 97
27 F.3d 751, 769 (5th Cir.1996), *cert. denied,* 520 U.S. 1107, 117 S.Ct. 1114 (1997), *overruled on other*
28 *grounds by* Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059 (1997) (holding AEDPA only applicable

to cases filed after statute's enactment).  The instant petition was filed after the enactment of the AEDPA, thus it is governed by its provisions.

STANDARD OF REVIEW

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

The AEDPA altered the standard of review that a federal habeas court must apply with respect to a state prisoner's claim that was adjudicated on the merits in state court. Williams v. Taylor, 120 S.Ct. 1495, 1518-23 (2000).  Under the AEDPA, an application for habeas corpus will not be granted unless the adjudication of the claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States;" or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State Court proceeding." 28 U.S.C. § 2254(d); Lockyer v. Andrade, 123 S.Ct. 1166, 1173 (2003) (disapproving of the Ninth Circuit's approach in Van Tran v. Lindsey, 212 F.3d 1143 (9th Cir. 2000)); Williams v. Taylor, 120 S.Ct. 1495, 1523 (2000).  "A federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." Lockyer, at 1174 (citations omitted).  "Rather, that application must be objectively unreasonable." Id. (citations omitted).

While habeas corpus relief is an important instrument to assure that individuals are constitutionally protected, Barefoot v. Estelle, 463 U.S. 880, 887, 103 S.Ct. 3383, 3391-3392 (1983); Harris v. Nelson, 394 U.S. 286, 290, 89 S.Ct. 1082, 1086 (1969), direct review of a criminal conviction is the primary method for a petitioner to challenge that conviction. Brecht v. Abrahamson, 507 U.S. 619, 633, 113 S.Ct. 1710, 1719 (1993).  In addition, the state court's factual determinations must be presumed correct, and the federal court must accept all factual findings made by the state court unless the petitioner can rebut "the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1); Purkett v. Elem, 514 U.S. 765, 115 S.Ct. 1769 (1995); Thompson v. Keohane, 516 U.S. 99, 116 S.Ct. 457 (1995); Langford v. Day, 110 F.3d 1380,

1388 (9th Cir. 1997).

## DISCUSSION

In his petition, Petitioner sets forth his single ground for relief as follows:

Trial court violated the terms of the petitioner's plea agreement. Thereby violating the law of contracts.
On July 7, 1995 petitioner a plea agreement for four years in state prison, up to five years of parole, and a one year prison term if he violates parole. The terms were guaranteed. In 1999 the same trial court violated the terms of the 1995 plea agreement by using the prior plea as a strike prior offense, which was never a part of the agreement.

In his answer, Respondent finds that the petition is ambiguous, but liberally construes the petition to be a challenge to Petitioner's 1999 conviction rather than his 1995 conviction. After carefully examining the petition and the traverse, the court agrees with Respondent that Petitioner is arguing that the use of his 1995 prior conviction to enhance his sentence in his subsequent 1999 proceeding violated the 1995 plea agreement. The court notes in particular that at the conclusion of his traverse, Petitioner states, "the plea agreement entered into in 1995 was unconstitutional in that it was not properly advised and that the use of this invalid plea agreement by adding more severe consequences that the Petitioner was not advised of is unconstitutional.

Respondent opposes the petition on several grounds. The court however, only finds it necessary to address the argument that this petition must be denied on the merits. To the extent that Petitioner argues that the alleged breach renders his 1999 sentence unconstitutional, his claim must fail. When a plea agreement rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be a part of the inducement or consideration, such promise must be fulfilled. Santobello v. New York, 404 U.S. 257, 22 (1971). Here, there is no indication that any promise *not* to use the 1995 conviction was made during the plea negotiations, nor does Petitioner make any such allegation. Accordingly, as there is no basis for finding that such a promise was included in the 1995 plea agreement, the agreement was not violated by virtue of the 1999 enhancement. Moreover, the sentence imposed under Three Strikes is not additional punishment for the prior convictions, but rather a stiffened penalty for the latest crimes. See Monge v. California, 524 U.S. 721, 728 (1998).

To the extent that Petitioner alleges that he had no knowledge at the time of his 1995 plea of the possibility that it could later be used to enhance a sentence, his claim must also fail. Due process requires that a defendant be informed of all the *direct* consequences of a guilty plea. Brady v. United States, 397 U.S. 742, 749 (1970). There is no due process violation where a trial court fails to inform the defendant of *collateral* consequences, such as the potential for enhancement in the future. United States v. Garrett, 680 F.2d 64, 65-66 (9th Cir. 1982). Thus, Petitioner's lack of knowledge that the 1995 conviction could later be used to enhance a future sentence does not violate due process.

In light of the above, the court concludes that this petition presents no basis for habeas corpus relief and must be denied.

Accordingly, IT IS HEREBY ORDERED as follows:

1) The petition for writ of habeas corpus is DENIED;
2) The Clerk of the Court is directed to ENTER JUDGMENT for Respondent and to close this case.

IT IS SO ORDERED.

**Dated:   August 25, 2008**            /s/  **William M. Wunderlich**
                                        UNITED STATES MAGISTRATE JUDGE